```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Charles Chandler,              :
     Plaintiff,                :
                               :
     v.                        :    Case No. 2:11-cv-167
                               :
Karen Carroll, Richard         :
Carroll, David Howard,         :
Williams Sorrell, Tracy        :
Shriver, Andrew Pallito,       :
Phillip Damone, Gary           :
Stevens, William Lundgren,     :
     Defendants.               :
```

OPINION AND ORDER
(Docs. 2, 3, 4, 5 and 7)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming that state court judges and other Vermont officials have violated his civil rights. Chandler raised several of these same claims in prior cases. Accordingly, defendants now ask the Court to dismiss the instant case on the basis of claim preclusion, and for the reasons set forth in the Court's prior decisions.

Also before the Court are Chandler's motion to disqualify Judge Murtha from hearing this case or any future cases in this Court, and Chandler's motion for a default judgment. For the reasons set forth below, the motions to dismiss filed by Defendants Karen Carroll, Richard Carroll, David Howard, William Sorrell and Tracy Shriver are GRANTED.

The motion to dismiss filed by the remaining defendants is DENIED.  Chandler's motions to disqualify and for a default judgment are also DENIED.

## Factual Background

The Complaint alleges that in the course of a 2008 state court criminal proceeding, Judge Karen Carroll wrongfully threatened Chandler's attorney with a professional conduct complaint.  The Complaint further alleges that Judge Carroll and Judge David Howard warned local attorneys not to represent Chandler, and threatened that doing so could result in disbarment.

The Complaint also claims that Judge Carroll "did unlawfully and corruptly allow four Vermont State Troopers to invade the Plaintiff's Home/Business to commit the crime of Armed Robbery and to take private property belonging to the Plaintiff."  (Doc. 1 at 5.)  The Troopers allegedly entered Chandler's home on October 3, 2008 "without [a] warrant and without any legal cause," held the occupants at gun point, took cash and other items, and smashed a window on Chandler's utility truck.  *Id.*  The Complaint contends that "[t]he four individuals ordered by [Judge Carroll] caused the Plaintiff to fear for his life and had there not

been so many witnesses this Armed Robbery would have most likely led to the death of the Plaintiff." *Id.* at 6.

Chandler next alleges that when he complained to Vermont Attorney General William Sorrell and Windham County State's Attorney Tracy Shriver, both declined to prosecute. Sorrell and Shriver also allegedly "criminally stopped the Plaintiff from filing a criminal complaint himself" against the Troopers who had entered his home. *Id.* at 8. "The Defendants refused to accept the written complaint and had the written complaint returned to the Plaintiff by the Clerk of Windham District Court." *Id.*

As to Defendant Richard Carroll, Chandler alleges that Mr. Carroll, presumably in his role as a court clerk, would present state court judges with motions from opposing counsel before Chandler had an opportunity to respond, would "hide[] or disregard[]" Chandler's motions, and would "'poison the well'" by providing "false or prejudicial information to the presiding Judge." *Id.* at 13-14. He also claims that Mr. Carroll acted together with the other defendants to "do nothing to [] criminals . . . so long as the perpetrators directed their behavior towards the Plaintiff or his family." *Id.* at 14.

Chandler's final allegations pertain to his treatment while in the custody of the Vermont Department of Corrections ("DOC"). He claims that DOC Commissioner Andrew Pallito "ordered that plaintiff should be locked in a cell with no heat, a broken window and left there to freeze to death." *Id.* at 10. He further alleges that he was denied adequate medical and dental care, and was forced to endure "starvation and [a] reduced calorie diet, unsanitary living conditions[,] sleeping on the floor[,] sleeping in overcrowded cells[,] sleeping next to a toilet, [and] catching cold from" living in a cell with a broken window. *Id.* at 11.

The Complaint sets forth nine claims for relief, including allegations of racketeering and constitutional violations. Chandler also accuses defendants of taking action "to seize the Plaintiff[']s image, embarrass, humiliate, intimidate, and deliberately inflict emotional injury upon the Plaintiff." *Id.* at 16. For relief, he is seeking compensatory and punitive damages, a protective order barring defendants from having any contact with him or his family, and asks the Court to cite defendants "with a Criminal Complaint from this Court and prohibit them from

holding any public office until the outcome of their Criminal case." *Id.* at 21.

## Discussion

I. <u>Chandler's Motion for Default Judgment</u>

The Court first considers Chandler's motion for a default judgment. (Doc. 7.) The motion asserts that "[t]he Defendants have failed to respond to the complaint as required by rule." *Id.* at 1. Two paragraphs later, however, the motion references defendants' motions to dismiss, characterizing them as "false, misleading, and [m]oot." *Id.*

A defendant may assert its defenses to a complaint in a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). The Rule 12 motion suspends the time for filing an answer. *See* Fed. R. Civ. P. 12(a)(4). Accordingly, if a motion to dismiss is filed within the period of time allowed for filing an answer, there is no default. *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998) (rejecting plaintiff's default motion where defendant timely moved to dismiss).

The docket in this case does not indicate when, or whether, defendants were served with copies of the

5

Complaint.  Nonetheless, the pending motions to dismiss were filed within 21 days of the filing of the Complaint.  As summonses were issued on the day the Complaint was filed, answers could not have been due prior to date on which the motions to dismiss were filed.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Consequently, the motions to dismiss were clearly timely, answers are not yet due, and there is no basis for entering a default.  Chandler's motion for default judgment (Doc. 7) is therefore DENIED.

II. <u>Motions to Dismiss</u>

The Court next turns to defendants' motions to dismiss, each of which are submitted pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants argue that the claims being asserted in this case were brought in prior cases, and are thus precluded.  Accordingly, the motions test the legal, rather than the factual, sufficiency of Chandler's Complaint.  *See, e.g., Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)).  "Dismissal under Fed. R. Civ. P. 12(b)(6) is

appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc., v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000).

    A.   <u>Richard Carroll, Tracy Shriver, William Sorrell</u>

The first motion to dismiss, submitted on behalf of defendants Richard Carroll, Tracy Shriver, and William Sorrell, argues that Chandler's claims were raised in a previous case and are therefore precluded. (Doc. 2.) In *Chandler v. Carroll*, No. 2:11-cv-108, Chandler did in fact assert claims against Richard Carroll, as well as Judges Carroll and Howard, that were nearly identical to those being raised here. Specifically, Chandler alleged that Richard Carroll abused his position as a court clerk by, among other things, showing favoritism toward Chandler's opponents and actively impeding Chandler's efforts in state court proceedings.

In another previous case, *Chandler v. Carroll*, No. 1:09-cv-58, Chandler claimed that prosecutors Sorrell and Shriver failed to take appropriate action against Judge

Carroll and the State Police.  He makes the same claim in this case.  Chandler also alleged, as he does here, that Sorrell and Shriver actively prevented him from filing a criminal complaint.  In both previous cases, Chandler brought the same nine causes of action he asserts here, including claims of racketeering and constitutional violations, "seiz[ure] of the Plaintiff's image," embarrassment, humiliation, intimidation, and infliction of emotional injury.  Defendants therefore contend that Chandler's claims are barred by claim and issue preclusion.

The doctrine of *res judicata*, or claim preclusion, "precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action."  *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (citations omitted); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010).  The doctrine applies if the prior decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."  *EDP Med. Computer Sys.*, 480 F.3d at 624 (citations omitted).

Here, Chandler is raising claims that "were or could have been raised" in his previous cases. *Id.* His allegations against defendant Richard Carroll are nearly identical to those raised in prior litigation. The same is true of his claims against defendants Sorrell and Shriver. In fact, a comparison of the instant complaint with Chandler's previous claims against Mr. Carroll, Attorney General Sorrell, and State's Attorney Shriver reveals that several of those allegations are repeated word for word. (Doc. 1 at 8); *Chandler v. Carroll*, No. 2:11-cv-108 (Doc. 1 at 10); *Chandler v. Carroll*, No. 1:09-cv-58 (Doc. 1 at 6-7.)

There can be no question that this Court was of competent jurisdiction when it issued its rulings in the prior cases. Nor is there any dispute that final judgments were entered. Although one of the previous cases, *Chandler v. Carroll*, No. 2:11-cv-108, has been appealed, the fact of a pending appeal does not impact the *res judicata* effect of the judgment. *See Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) (noting that "*res judicata* and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending") (citing *Petrella v. Siegel*, 843 F.2d

87, 90 (2d Cir. 1988)).  Furthermore, the prior cases involved the same nine causes of action as alleged in this case.  The Court therefore finds that Chandler's claims are precluded.

Defendants Carroll, Shriver and Sorrell also argue for dismissal "for [the reasons] stated in the motions to dismiss in Case No. 2:11-cv-108."  (Doc. 2 at 2.)  Of these three current defendants, only Richard Carroll was a party in that case.  Nonetheless, because the legal claims against Mr. Carroll in this case are the same as those levied against him previously, the grounds for dismissal set forth in the Court's Opinion and Order would again apply here. *See Chandler v. Carroll*, No. 2:11-cv-108, 2011 WL 5419770, at *4-*7 (D. Vt. Nov. 9, 2011).  The same is true of the Court's reasoning in its dismissal of the claims against defendants Sorrell and Shriver in *Chandler v. Carroll*, No. 1:09-cv-58.  *See Chandler v. Carroll*, No. 1:09-cv-58, 2009 WL 2514428, at *4-*7 (D. Vt. Aug. 12, 2009).

Accordingly, the motion to dismiss filed by defendants Richard Carroll, Tracy Shriver, and William Sorrell (Doc. 2) is GRANTED as precluded by the Court's prior rulings, and for the reasons set forth in those rulings.

B. <u>Judges Carroll and Howard</u>

Judges Karen Carroll and David Howard also move to dismiss on the basis of *res judicata*. (Doc. 4.) The claims against these judicial defendants are, again, nearly identical to claims raised in *Chandler v. Carroll*, No. 2:11-cv-108. With respect to Judge Carroll, Chandler's current claims also overlap with his allegations in *Chandler v. Carroll*, No. 1:09-cv-58. Briefly stated, the allegations in each case include claims that Judge Carroll threatened Chandler's attorney, caused State Troopers to enter Chandler's home, and otherwise conspired to deny Chandler his constitutional rights.

The current claims against Judge Howard also track verbatim many of the allegations set forth in *Chandler v. Carroll*, No. 2:11-cv-108. Those claims include an allegation that Judge Howard allowed Chandler to be attacked by a Vermont attorney; that Judge Howard improperly dismissed Chandler's lawsuit against a former Sheriff; that the judge has generally conspired with Judge Carroll; and that Judge Howard displays an "ongoing hatred towards the Plaintiff." (Doc. 1 at 12-14); *Chandler v. Carroll*, No. 2:11-cv-108 (Doc. 1 at 9-11).

11

In the previous cases, the Court found that Judges Carroll and Howard were protected by absolute judicial immunity and the Eleventh Amendment. *See, e.g., Chandler v. Carroll*, No. 2:11-cv-108, 2011 WL 5419770, at *3-*4. Those same protections apply here. Moreover, Chandler's claims are clearly barred by *res judicata*. The motion to dismiss filed by Judges Carroll and Howard (Doc. 4) is therefore GRANTED.

C. <u>Andrew Pallito, William Lundgren, Gary Stevens and Phillip Damone</u>

The third motion to dismiss before the Court is filed on behalf of defendants Pallito, Lundgren, Stevens and Damone. (Doc. 3.) The motion "adopt[s] and incorporate[s] the Motion to Dismiss recently filed on behalf of Defendants Richard Carroll, Tracy Shriver, William Sorrell and the State of Vermont." *Id.* at 1. Beyond this broad adoption and incorporation, however, the motion does not explain why claim preclusion applies with respect to Pallito, Lundgren, Stevens and Damone. Nor does it articulate why legal arguments offered on behalf of other defendants would compel dismissal of these latter movants.

"[T]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by

12

the prior judgment." *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677 (2d. Cir. 1997). The motion to dismiss filed by defendants Pallito, Lundgren, Stevens and Damone provides no such "clarity" or "certainty," and thus fails to carry its burden. The motion (Doc. 3) is therefore DENIED.

III.  Motion to Disqualify Judge Murtha

The final matter before the Court is Chandler's motion to disqualify Judge Murtha "from hearing any future cases that involve the plaintiff Chandler and issue a protective order forthwith." (Doc. 5 at 4.) The motion is based entirely upon Judge Murtha's rulings in other cases. "Prior rulings are, ordinarily, not a basis for disqualification." *Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "As the Supreme Court has explained, absent a 'deep-seated favoritism or antagonism that would make fair judgment impossible,' rulings are '[a]lmost invariably ... proper grounds for appeal, not for recusal.'" *Gallop*, 645 F.3d at 520 (quoting *Liteky*, 510 U.S. at 555).

Chandler claims that "Judge Murtha disregards all of the Plaintiff[']s cases as frivolous no matter how serious the injuries are to Plaintiff." (Doc. 5 at 1.) He also cites a "unique relationship" between Judge Murtha and "the Defendants." *Id.* None of these allegations establish "the sort of extreme antagonism required for disqualification." *Id.* Chandler's motion (Doc. 5) is therefore DENIED.

<u>Conclusion</u>

For the reasons set forth above, the motion to dismiss filed by defendants Richard Carroll, Tracy Shriver and William Sorrell (Doc. 2), and the motion to dismiss filed by defendants Karen Carroll and David Howard (Doc. 4), are GRANTED. The motion to dismiss filed by defendants Andrew Pallito, William Lundgren, Gary Stevens and Phillip Damone (Doc. 3) is DENIED. Chandler's motions to disqualify Judge Murtha (Doc. 5) and for default judgment (Doc. 7) are also DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of January, 2012.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
Judge, United States District Court
